JOHN THURLEY, Respondent, *v.* PATRICK O'CONNELL, Appellant.

1. *Executions — Constable — Agency — Sale.* — A constable, having an execution, levied on goods belonging to the debtor, which were being sold at auction. After a conference between the constable, the defendant and the auctioneer, the auctioneer in the constable's presence announced that the matter had been adjusted; that he would proceed with the sale and pay over to the constable sufficient of the proceeds to satisfy the execution. Accordingly the sale proceeded and plaintiff bought goods, for which he paid the auctioneer, and the auctioneer turned the money over to the constable. The constable then produced another execution, hitherto undisclosed, and levied upon the property bought by plaintiff and carried it away. *Held*, that the constable had made the auctioneer his agent in making the sale, and that by subsequently taking possession of the property he disaffirmed the sale and was bound to return the purchase money.

*Appeal from St. Louis Circuit Court.*

*Jecko & Hospes*, for appellant.

I. The plaintiff was not entitled to a judgment against defendant as for the taking and conversion of plaintiff's property : 1. Because there was no evidence as to the value of the property so taken and converted. 2. Because the taking and conversion was justified under the law. The execution under which the property was taken was a lien on the same. (Wagn. Stat., ch. 82, p. 841, art. VIII, § 5 ; Brown v. Burns, 8 Mo. 26 ; State, to use of Beazley, v. Blundin, 32 Mo. 387.)

II. The plaintiff cannot recover against defendant as for money had and received. There was no privity between plaintiff and defendant. The defendant was not guilty of any fraud. His statement that he had an execution was true.

*Brockmeyer & Bryan*, for respondent.

The defendant, by his agreement with the auctioneer that the sale should proceed upon condition that the proceeds thereof should be paid over to him, to be applied upon the execution, and by concealing the fact that he had also another execution in his possession, induced plaintiff to pay over to him the purchase money of property bid in by him, and to believe that he (plaintiff) was obtaining the title to said property. And defendant, having obtained said purchase money by such wrongful and fraudulent conduct, and having subsequently withheld the property purchased, and having thereby caused the loss of said property to plaintiff, is liable to make the restitution sought by this action. (2 Greenl. Ev., §§ 117, 120–1, 123, 125, and cases cited.)

CURRIER, Judge, delivered the opinion of the court.

This case was submitted upon an agreed statement of facts. The agreed statement shows that the defendant, as constable, held an execution for levy against one Mary Bowen; that he appeared at an auction sale where certain goods of the execution debtor were being sold at public vendue, and there exhibited the execution and gave notice of a levy of it upon the goods as the property of the execution debtor. A conference then ensued between the auctioneer and the defendant, after which it was publicly announced by the auctioneer, in the presence and hearing of the defendant, that an arrangement had been effected for the sale to go on without interruption, and that the money arising from it would be paid over to the defendant in satisfaction of the execution in question. The sale proceeded, and the plaintiff made purchases to the amount of $24.74, which he paid to the auctioneer, and the same was applied upon the execution in accordance with the announced arrangement. The execution was partly satisfied from the proceeds of the sale. The defendant thereupon levied *another* and hitherto undisclosed execution upon the property purchased by the plaintiff, and removed it to his (the defendant's) store or warehouse, and refused to allow the plaintiff

to take it.   This suit is brought to recover back the $24.74 as so much money received by the defendant to the plaintiff's use.

It thus appears that the defendant made the auctioneer his agent to sell the property and collect the proceeds.   The property was sold, and the proceeds passed into the defendant's custody. He thereupon, in effect, disaffirmed the sale, treated it as a nullity, and retained the goods.   I think the plaintiff was warranted in treating the contract of sale as rescinded, and claiming his money.   The action of the constable was a mere trick and fraud upon the bidders, and should receive no countenance in a court of justice.

Let the judgment be affirmed.   The other judges concur.